OPINION OF THE COURT
Joseph Harris, J.
Plaintiff payor bank moves for summary judgment to recover $2,200 from defendant indorser on the basis of defendant’s indorsement of a check.
The check in question, dated July 15, 1976, purports to be drawn by one Gordon E. Jackson on his account in the Marine Midland Bank, Clifton Park office. It is in the amount of $2,200 and is payable to "Cash.”
The defendant is an employee of Rita’s Grocery in the Village of Green Island. It appears that on July 15, 1976, one Donald T. Gendron, an assistant vice president of plaintiff Marine Midland Bank, Green Island branch, stopped in at Rita’s Grocery; while there he was asked by defendant whether the check here in question was covered by sufficient funds. Apparently there were sufficient funds and later that day the defendant went to plaintiff’s Green Island branch, indorsed the check in blank in the presence of Mr. Gendron, and received $2,200 from plaintiff in cash.
On August 12, 1976, the real Gordon E. Jackson signed a claimant’s affidavit of forgery in which he stated that his signature on the check was a forgery. Accordingly, plaintiff bank credited Jackson’s account and sought redress from defendant, the immediately prior indorser.
The question presented is whether a payor bank that has made payment of a check with a forged drawer’s signature may recover such payment from a prior indorser.
Section 3-418 of the Uniform Commercial Code states: "Except for recovery of bank payments as provided in the Article on Bank Deposits and Collections (Article 4) and except for liability for breach of warranty on presentment under the preceding section, payment or acceptance of any instrument is *837 final in favor of a holder in due course, or a person who has in good faith changed his position in reliance on the payment.” Under this section, the plaintiff payor bank is bound by its payment if no warranties are applicable and if defendant either was a holder in due course, or a person who had in good faith changed his position in reliance on the payment.
The applicable warranty section, section 4-207 (subd [1], par [b]), of the Uniform Commercial Code states: "Each customer or collecting bank who obtains payment or acceptance of an item and each prior customer and collecting bank warrants to the payor bank or other payor who in good faith pays or accepts the item that * * * (b) he has no knowledge that the signature of the maker or drawer is unauthorized(Emphasis added.)
Thus, the warranty given by a customer of a payor bank with respect to the drawer’s signature is breached only if the customer had knowledge of the forgery. The record before this court contains no allegations pertaining to defendant’s knowledge of the forgery and, therefore, the issue remains a triable question of fact.
The second consideration under section 3-418 of the Uniform Commercial Code is whether defendant was a holder in due course, or a person who in good faith changed his position in reliance on plaintiff’s payment. The record before this court lacks sufficient particulars pertaining to these issues and, they too, are triable questions of fact.
Plaintiff’s contention that subdivision (c) of section 4-407 of the Uniform Commercial Code is dispositive of this case is without merit. The thrust of that section is to subrogate a payor bank to the rights of the drawer against a holder of a check when the payor bank has paid the check under circumstances giving a basis for objection by the drawer. However, a drawer’s rights against a holder who has obtained payment of a check with a forged drawer’s signature are even fewer than those of the payor bank. The limited warranty of section 4-207 (subd [1], par [h]) that a customer has no knowledge that the signature of the drawer is unauthorized is not even given to a drawer with respect to the drawer’s own signature by any customer that is a holder in due course and acts in good faith. (Uniform Commercial Code, § 4-207, subd [1], par [b], cl [ii].) Therefore, plaintiff’s position herein is not improved by subrogation to the drawer’s rights, and the same questions of fact remain.
*838 The narrowly circumscribed rights of a payor bank to recover its payment of a check with a forged drawer’s signature are the result of a policy decision traditionally anchored in the presumption that the payor bank knows (or should know) the signature of its customer, the drawer (Official Comment 4, McKinney’s Cons Laws of NY, Book 62 Vz, Uniform Commercial Code, § 3-417, p 356), and, therefore, is in a superior position to detect a forgery before making payment. A further justification for the payor bank’s limited rights is that it is highly desirable to end the transaction on an instrument when it is paid rather than to reopen and upset a series of commercial transactions at a later date when the forgery is discovered (Official Comment 1, McKinney’s Cons Laws of NY, Book 62 ^ Uniform Commercial Code, § 3-417, p 356). Thus, the Legislature has determined that the risk of loss with respect to an instrument with a forged drawer’s signature generally should lie with the payor bank once payment has been made, and as such, is a cost incident to doing business as a bank.
Thus summary judgment cannot be granted plaintiff herein and accordingly its motion for same is denied. Even though the defendant has not moved for summary judgment for himself, this court would be empowered to grant same on its own by reason of the law as set forth above, except that this court finds that important triable issues of fact remain respecting whether or not defendant knew of the forgery and whether or not he is a holder in due course. This is inherent in the unusual fact pattern of this case. Without prejudging the issues, one must still reflect that a check for $2,200 is a rather large check for a small establishment such as Rita’s Grocery to be cashing, especially where the person cashing the check is only an employee of Rita’s and not the owner, where it is apparent he was not personally acquainted with the Gordon Jackson whom the drawer of the check purported to be, and where the Village of Green Island being a rather small place geographically, one (including the defendant) might well wonder why the person representing himself to be Gordon Jackson, if he were the genuine article, didn’t cash his check at plaintiff’s bank himself (it being a branch of the very bank in which his account was located) instead of at Rita’s Grocery.
For the above reasons summary judgment cannot be granted to either party.